**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| **V.** | § | **CR. No. C-06-579 (2)** |
| | § | **C.A. No. C-08-219** |
| **EUSEBIO CARBAJAL,** | § | |
| **Defendant/Movant.** | § | |

**MEMORANDUM OPINION AND ORDER**
**DISMISSING MOTION TO VACATE,**
**SET ASIDE OR CORRECT SENTENCE, AND**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Eusebio Carbajal's ("Carbajal") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which is deemed filed as of July 1, 2008.[1] (D.E. 44.)[2]  The Court ordered the United States to respond.  (D.E. 45.)  After seeking and receiving an extension of time to respond, the United States filed its response and motion to dismiss on September 30, 2008.  (D.E. 48-50.)  Carbajal has filed a reply (D.E. 51), which the Court has also considered.

For the reasons set forth below, the Court GRANTS the government's motion to dismiss and DISMISSES Carbajal's motion because it is time-barred.  Additionally, the Court DENIES Carbajal a Certificate of Appealability.

---

[1]  The Clerk received Carbajal's motion on July 7, 2008.  The motion indicates, however, that it was delivered to prison authorities for filing on July 1, 2008.  (D.E. 44 at 14.)  It is thus deemed filed as of the earlier date.  Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid).  See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).

[2]  Dockets entries refer to the criminal case, C-06-cr-579.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTS AND PROCEEDINGS

On August 23, 2006, Carbajal was charged in a one-count indictment with knowingly and intentionally possessing with intent to distribute approximately 41 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(a).  (D.E. 9).  He pleaded guilty to the indictment against him, pursuant to a written plea agreement that included a waiver of his right to appeal and a waiver of his right to file any motions for post-conviction relief, including any § 2255 motions.  (D.E. 22; see also Minute Entry dated September 25, 2006.)

On December 14, 2006, he was sentenced by this Court to 87 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term.  (D.E. 30; Minute Entry dated December 14, 2006.)  The Court also imposed a $100 special assessment.  (Id..)  Judgment in his criminal case was entered on December 18, 2006.  (D.E. 30).  His sentencing counsel filed a post-judgment motion for reconsideration of his sentence, which the Court denied.  (D.E. 32, 39.)

Carbajal was represented during rearraignment and sentencing by retained counsel, Ignacio Torteya III.  After sentencing, Carbajal filed a pro se Notice of Appeal, but the appeal was dismissed on March 13, 2007 for lack of prosecution.  (D.E. 34, 40.)

Approximately three months after his appeal was dismissed, Carbajal wrote a letter to the Court, asking for a copy of the docket sheet.  (D.E. 41.)  A copy of the docket sheet was mailed to him, and days later, the Clerk also mailed him a copy of the Fifth Circuit's dismissal of his appeal.  (D.E. 41; see Docket Entry dated June 20, 2007.)

On July 1, 2008, more than one year after he learned of the dismissal of his appeal and more

than one year after his conviction became final, Carbajal filed his § 2255 motion.  (D.E. 44.)

### III.  MOVANT'S ALLEGATIONS

Carbajal lists two grounds for relief in his § 2255 motion, both of which are ineffective assistance of counsel claims.   Each ground, however, includes more than one allegation of ineffective assistance.  In his first ground, Carbajal argues that his counsel during his rearraignment and at sentencing, Ignacio Torteya III, was constitutionally ineffective.   He raises four distinct claims within this first ground for relief.  (D.E. 44 at 4-5.)

First, Carbajal claims that Torteya misled him into believing he would receive a lesser sentence.  Specifically, Carbajal alleges that Torteya incorrectly informed him that he would receive a sentence of probation due to the weak case the government had and that he qualified for "safety valve" relief.   Neither turned out to be true.   Carbajal claims that, had he known those predictions would be incorrect, he would not have pleaded guilty.  (D.E. 44 at 4-5.)

Second, Carbajal alleges that Torteya failed to inform the Court that the government had not responded to the defense objections to the PSR, which included an objection to him not receiving safety valve relief.   Torteya claims that the government's failure to respond meant that he should have received safety valve relief.  (D.E. 44 at 4.)

Third, Carbajal asked Torteya to appeal, but instead Torteya sent a Notice of Appeal to Carbajal to send to the Court, allegedly abandoning Carbajal. (D.E. 44 at 4.)

Fourth, Carbajal also makes a general claim that Torteya failed to adequately communicate with him and that Torteya failed to investigate the case to corroborate Carbajal's assertions of innocence. (D.E. 44 at 5.)

In Carbajal's second ground for relief, he claims that another attorney, Albert Pena III was also constitutionally ineffective in representing Carbajal.  Carbajal contends that he retained Pena

in order to continue his direct criminal appeal.  He claims that he paid Pena $8,500 and that Pena was supposed to pursue his appeal and to request a polygraph examination in order to "prove" Carbajal's innocence.  According to Carbajal, Pena did not file an appeal brief, did not pay the appellate filing fee and did not even enter his appearance in the appeal.  As noted, Carbajal's appeal was dismissed.  Finally, Carbajal alleges that Pena told Carbajal he was going to submit a motion under 28 U.S.C. § 2255, supported by a polygraph examination to support his innocence.  Carbajal contends that Pena submitted a prepared 2255 motion to him, which he signed and returned to Pena, but that neither the motion nor the request for a polygraph examination were ever filed.  (D.E. 44 at 6-7.)

Carbajal acknowledges that his motion is untimely, but he expressly requests that the Court grant him "equitable tolling." (D.E. 44 at 13.)  He argues that he is entitled to tolling because Pena told him that Pena was going to submit a § 2255 motion on his behalf and because he received the draft § 2255 motion from Pena, signed it and returned it to Pena on June 14, 2007.  He claims that he thought his § 2255 motion was pending before the Court, and did not learn that a motion had not been filed until he requested the docket sheet in the case.

Notably, the docket reflects that Carbajal was mailed a copy of the docket sheet on June 15, 2007.  Similarly, he was mailed a copy of the Fifth Circuit's dismissal on June 20, 2007.  (See docket entry dated June 20, 2007.)  Thus, by the end of June 2007, Carbajal had been notified both that his appeal had been dismissed and that no § 2255 motion had been filed in his case.  Despite this, he did not file his motion pursuant to 28 U.S.C. § 2255 until July 1, 2008, more than one year later.

The government has filed a response in which it moves for dismissal of Carbajal's claims on the grounds that his motion is barred by § 2255's statute of limitations.  Alternatively, the United

4

States moves to enforce Carbajal's waiver of § 2255 rights, arguing that his claims are barred from consideration due to his valid and knowing waiver. (See generally D.E. 50.)

In his reply, Carbajal reiterates the arguments he set forth in his § 2255 motion in support of his request for equitable tolling.  (D.E. 51 at 2-3.)  He emphasizes that he believed Pena had filed the § 2255 motion Carbajal had signed and that it was not until Carbajal requested a copy of the docket sheet that he realized Pena did not file a § 2255 motion on his behalf. (D.E. 51 at 2-3.)

Having reviewed the record in its entirety, the Court concludes that Carbajal has failed to show that he is entitled to equitable tolling.  His motion is therefore time-barred and is not properly before this Court.   Because the Court determines that Carbajal's motion is time-barred, it does not reach the merits of his asserted grounds for relief, nor does it address whether those grounds are barred from consideration here as a result of his § 2255 waiver.

## IV.  ANALYSIS

**A.      Timeliness of 28 U.S.C. § 2255 Motion**

**1.        Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.  28 U.S.C. § 2255 ¶6(1).  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired.  Clay v. United States, 537 U.S. 522, 531 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000).

As noted, judgment was entered against Carbajal on  December 18, 2006.  (D.E. 30).  In this case, Carbajal filed a timely notice of appeal.  The appeal was dismissed for failure to prosecute, however, on March 13, 2007.  (D.E. 34, 40.)  Carbajal had 90 days from that date to file a petition for writ of certiorari, which he did not do.  See S. Ct. R. 13(1) (setting forth 90-day time period for

filing a petition for writ of certiorari).   Carbajal's conviction therefore became final when the time for filing that petition expired, or on June 11, 2007.  He had one year from that date to file his § 2255 motion.  Carbajal' § 2255 motion is deemed filed as of July 1, 2008.  Thus, his motion was filed after the expiration of the statute of limitations, as calculated under § 2255, ¶ 6(1).

Section 2255 also provides certain alternative dates upon which the limitations period may begin.  Specifically, it provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.  The Fifth Circuit has sometimes referred to the application of subsections other than subsection 1 above as "statutory tolling."

Carbajal does not ask for statutory tolling and a thorough review of the record reflects that none of the subsections other than (1) listed above are applicable to this case.  Accordingly, Carbajal's motion will be timely only if he is entitled to equitable tolling.  As discussed in the next section, the Court concludes that Carbajal is not entitled to equitable tolling and that his motion is therefore time-barred.

## 2.     Carbajal Is Not Entitled To Equitable Tolling

Carbajal claims that he is entitled to equitable tolling because he retained attorney Pena to

6

file a 2255 motion on his behalf, and Pena failed to do so.  The United States has submitted an affidavit from Pena, in which he admits that he was retained by Carbajal to assist him in prosecuting 2255 proceedings.  Both Pena and Carbajal agree that Pena prepared a 2255 motion on Carbajal's behalf, which Carbajal signed, and which Pena never filed.  Pena's explanation for not filing the § 2255 motion is that he believed Carbajal did not have any viable claims.  According to Pena, the only claim he had originally thought was worth pursuing was a claim of actual innocence.  Pena avers that he was trying to obtain a polygraph examination for Carbajal that would help to show his innocence, but that Carbajal told Pena he was actually guilty and asked if the results of the polygraph test could be "fixed."  Apparently, upon learning that Carbajal was "actually guilty," Pena no longer believed he had grounds for a motion under § 2255. Carbajal disputes that he ever asked Pena to "fix" the polygraph test and further denies that he is actually guilty of the offense.  (See D.E. 51.)

Assuming the veracity of Carbajal's version of events, the question is whether Pena's failure to file the Section 2255 motion entitles Carbajal to equitable tolling.  The limitations period for § 2255 motions is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  Specifically, a movant must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from timely filing his § 2255 motion.  United States v. Petty, 530 F.3d 361, 365 (5th Cir. 2008) (quoting Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007)).   Additionally, the Fifth Circuit recently reaffirmed that "[m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."  See Petty, 530 F.3d 361, 366 (2008) (citing United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002)).  Indeed, the Petty court put it more bluntly: "ineffective

assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." Id. at 366 (citing Riggs).

In Petty, the defendant contended that his counsel had told him the wrong date for when his conviction became final, although the Fifth Circuit concluded that the record demonstrated he was told otherwise on at least two other occasions, including once by the appellate court. The appellate court held that the district court did not abuse its discretion in denying the defendant's request for tolling under these circumstances. 530 F.3d at 366-67.

Similarly, in Riggs, the Fifth Circuit held that the district court abused its discretion in granting equitable tolling. In that case, the court held that the conduct of the attorney was mere neglect or error and that there was no allegation of intentional deceit. Thus, the attorney's failure to timely file a Section 2255 motion could not support the application of equitable tolling. 314 F.3d at 799.

The decision as to whether to equitably toll the limitations period turns on the facts and circumstances of each case. Petty, 530 F.3d at 364. In this case, the Court finds that Carbajal could have believed Pena was going to file a § 2255 motion on his behalf. Even so, Carbajal's continued reliance on his attorney to file that motion, particularly *after* Carbajal had learned no such motion had been filed, clearly was not reasonable. Indeed, Carbajal admits repeatedly that he learned no § 2255 motion had been filed when he asked the Clerk for a copy of the docket sheet and received it. (D.E. 44 at 13; D.E. 51 at 2-3.) The request for the copy of the docket sheet was received by the Clerk on June 15, 2007, and a copy was sent to Carbajal that same day. (D.E. 41.) By his own admission, then, Carbajal knew as of the end of June 2007 that Pena had not filed a § 2255 motion.

Despite this knowledge, Carbajal did not file his pro se § 2255 motion until July 1, 2008, approximately one year later. Thus, Carbajal cannot make the first showing required by Petty. That

is, he cannot show that he has been pursuing his rights diligently.  See Petty, 530 F.3d at 366.  Once he learned that Pena had not filed a § 2255 motion on his behalf, Carbajal still had nearly one year to timely file his motion and he failed to do so.   In short, Carbajal's case is not the "extraordinary" or "rare" case that justifies equitable tolling.

For the reasons set forth above, Carbajal's § 2255 Motion is DISMISSED as time-barred.

**B.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."   28 U.S.C. § 2253(c)(1)(A).  Although Carbajal has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d

325, 329 (5th Cir. 2002) (applying <u>Slack</u> to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Carbajal has stated a valid claim for relief, because he cannot establish the second <u>Slack</u> criterion.  That is, reasonable jurists could not disagree that his motion is time-barred and that he is not entitled to equitable tolling.  Accordingly, Carbajal is not entitled to a COA.

## V.  CONCLUSION

For the foregoing reasons, Carbajal's motion to vacate sentence (D.E. 44) is DISMISSED. He is also DENIED a Certificate of Appealability.

It is so ORDERED.

Signed this 8th day of April, 2009.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE