**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-06-579 (2) |
| | § | |
| EUSEBIO CARBAJAL, | § | |
| Defendant/Movant. | § | |

**ORDER DENYING MOTION FOR REDUCED SENTENCE**

By Order and final judgment entered April 9, 2009, the Court denied Defendant Eusebio Carbajal's ("Carbajal") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 as time-barred.  The Court also sua sponte denied Carbajal a Certificate of Appealability ("COA").  Carbajal subsequently filed a motion that the Court construed as a notice of appeal. (See D.E. 54-56.)  He was granted leave to proceed on appeal *in forma pauperis* (D.E. 58-59), but the Fifth Circuit dismissed his appeal on September 30, 2009 for want of prosecution.  (D.E. 62.) Specifically, Carbajal failed to timely file a motion for certificate of appealability and a brief in support.  (D.E. 62.)

Days before Carbajal's appeal was dismissed, the Clerk of this Court received from him a motion titled as a "Motion to Reduce or Correct Sentence Pursuant to, 18 U.S.C. § 3582(c)(2), and United States Sentencing Guidelines §1B1.3, and §3B1.2."  (D.E. 61.)  In it, Carbajal argues that the Court erred in failing to apply a reduction at sentencing for his role in the offense.  He contends that he was a minimal participant and thus qualifies for a reduction in his offense level under U.S.S.G. § 3B1.2.

As noted, Carbajal has already filed a § 2255 motion, which was dismissed as time-barred. Notably, he did not raise this claim either on direct criminal appeal or in his § 2255 motion.  In any

1

event, Carbajal is asking for relief in the form of a reduced sentence, and this Court is not authorized to grant that relief.  Instead, this Court has authority to modify or  correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  <u>United States v. Bridges</u>, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  <u>See</u> § 3582(c). Carbajal fails to assert grounds for modification that fall into any of the categories above.  Therefore, the Court does not have authority to alter Carbajal's  sentence.

<u>**CONCLUSION**</u>

For the foregoing reasons, Carbajal's motion for a reduction in sentence (D.E. 61) is DENIED.

It is so ORDERED.

Signed this 8th day of October, 2009.


JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE